UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID KENNETH CHRISTIAN,<br><br>　　　　　Petitioner,<br>v.<br><br>LYNN DINGLE, Warden,<br>Stillwater Facility, Minnesota,<br><br>　　　　　Respondent. | Civil No. 08-1341 (RHK/AJB)<br><br>REPORT AND RECOMMENDATION |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that this action is barred by the applicable statute of limitations. The Court will therefore recommend that the action be summarily dismissed with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In June 2001, Petitioner was convicted in the state district court for Mower County, Minnesota, on two counts of second degree unintentional felony murder and one count of first degree assault. (Petition, p. 1.) He was sentenced to prison terms of 246 months, 156 months and 91 months, to be served consecutively, (id.), and he is currently incarcerated at the Minnesota Correctional Facility in Stillwater, Minnesota.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner challenged his conviction and sentence by filing a direct appeal that raised several claims, including insufficiency of the indictment, insufficiency of the evidence, improper jury instructions, erroneous admission of evidence of prior crimes, and improper sentencing. The Minnesota Court of Appeals rejected all of Petitioner's claims on the merits. State v. Christian, No. C5-01-1840 (Minn.App. 2002), 2002 WL 3145382 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's request for further review on December 30, 2002. (Petition, p. 3.)

On November 19, 2003, Petitioner filed his first post-conviction motion in the trial court. (Id.) The claims presented in that motion included ineffective assistance of counsel, improper jury instructions, erroneous admission of evidence of prior crimes, and improper sentencing. (Id.) The trial court denied Petitioner's first post-conviction motion on January 6, 2004, (id.), and he then filed another appeal. The Minnesota Court of Appeals affirmed the trial court's denial of Petitioner's post-conviction motion, and the Minnesota Supreme Court denied his request for further review on December 22, 2004. Christian v. State, No. A04-281 (Minn.App. 2004), 2004 WL 2221614 (unpublished opinion).

On March 31, 2005, Petitioner filed his second post-conviction motion, claiming that he was entitled to a new trial based on "newly discovered evidence." The trial court rejected Petitioner's claims, and he then filed a third appeal. The Court of Appeals affirmed the trial court's rejection of Petitioner's "new evidence" claims, holding that (a) the evidence at issue, (allegedly exculpatory statements by Petitioner's co-defendants), was available at trial, and (b) the purported new evidence would not have changed the outcome of the trial. Christian v. State, No. A05-1240 (Minn.App. 2006), 2006 WL 852136. The State Supreme Court denied Petitioner's application for further review, in his second post-

conviction appeal, on June 28, 2006.  (Id.; see also Petition, p. 15.)

Petitioner's current federal habeas corpus petition was filed on May 16, 2008.  The petition lists four grounds for relief, which Petitioner has summarized as follows:

(1) "[T]he trial court abused its discretion in deviating from the Minnesota Sentencing Guidelines when it imposed consecutive sentences on the Petitioner."

(2)  "The trial court erred when it failed to take any corrective action when the prosecution improperly communicated out of court with one of the jurors."

(3) "The evidence was insufficient as a matter of law to convict Petitioner of aiding and abetting second-degree unintentional felony murder and assault in the first degree."

(4) "[T]he trial court abused its discretion in refusing to instruct the jury on Petitioner's theory of the defense."  (Petition, pp. 5-10.)

None of Petitioner's claims can be entertained on the merits, however, because his petition is barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).[2]

## II.  DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), effected several significant changes to the federal habeas corpus statutes.  One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence.  This statute provides that:

---

[2] It appears that even if this action were not time-barred, it still would be subject to summary dismissal, because Petitioner has not identified any constitutional basis for his claims.  "It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension."  Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam).  The current petition makes no reference to the federal Constitution, or any federal constitutional rights.

"**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B) or (C) of § 2244(d)(1) could be applicable.  In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief in a timely manner; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively-applicable constitutional right.[3]

---

[3] Petitioner's first ground for relief might arguably be related to the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), (although the petition does not even mention <u>Blakely</u> by name), but <u>Blakely</u> cannot save this petition from being time-barred for two reasons.  First, <u>Blakely</u> is <u>not</u> retroactively applicable on collateral review, (<u>United States v. Stoltz</u>, 149 Fed.Appx. 567, 568 (8th Cir.2005) (<u>per</u> <u>curiam</u>) (unpublished opinion), <u>cert</u>. <u>denied</u>, 126 S.Ct. 1589 (2006)), so it is inapposite for purposes of § 2244(d)(1)(C).  Second, <u>Blakely</u> was decided almost four years ago, so even if the statute of limitations did begin to run when <u>Blakely</u> was decided, the one-year limitation period still would have expired long ago.

Petitioner could, perhaps, contend that the statute of limitations starting date was delayed pursuant to § 2244(d)(1)(D), and that the statute did not begin to run until he obtained the "newly discovered evidence" cited in his second post-conviction motion. However, even Petitioner were to make that argument, and even if the Court were to accept it, this action still would be time-barred.[4]

Even if Petitioner's "newly discovered evidence" was not available until immediately before he filed his second post-conviction motion, and even if the federal habeas statute of limitations therefore did not begin to run until Petitioner's second post-conviction proceedings were completed, this case still would be untimely. Giving Petitioner the benefit of every conceivable argument, the statute of limitations could not have begun to run in this case any later than June 28, 2006 – the date when the Minnesota Supreme Court denied Petitioner's application for further review in the second state post-conviction proceedings. (Petitioner expressly acknowledges that "Post conviction review ended on June 28, 2006 when the Minnesota Supreme Court denied review." (Petition, p. 15.))  However, even if the statute of limitations did not begin to run until as late as June 28, 2006, the one-year limitations period would have expired on June 28, 2007, which is almost a full year before Petitioner's current petition was filed.  Thus, even under the most beneficent statute of

---

[4] By even considering this possible argument, the Court is giving Petitioner the benefit of two extremely generous assumptions.  First, the Court is assuming that the evidence cited in Petitioner's second post-conviction motion could not have been previously discovered, even though the Minnesota state courts explicitly found that such evidence was discoverable at the time of his trial.  Second, the Court is assuming that § 2244(d)(1)(D) is applicable here, even though Petitioner's current petition does not present any claim based on his "newly discovered evidence."  In truth, it is highly doubtful that § 2244(d)(1)(D) has any proper bearing on the statute of limitations analysis in this case.

limitations analysis, this action was filed almost a full year too late.[5]

The Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"). However, the Court of Appeals has made it very clear that such tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added). Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kruetzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show

---

[5] Petitioner has pointed out that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) while a prisoner's post-conviction proceedings are pending in the state courts. (Petition, p. 15.) He seems to believe that a state post-conviction motion does not merely toll the running of the statute, but somehow 'resets the clock,' giving a prisoner a fresh new one-year limitations period each time he completes a new state post-conviction proceeding. That, however, is simply not correct. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Therefore, if the starting date of the statute of limitations is determined by § 2244(d)(1)(A), (rather than § 2244(d)(1)(D), as the Court has benevolently assumed), then the statute of limitations would have been running between the completion of Petitioner's direct appeal and the filing of his first post-conviction motion. Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). Likewise, the statute of limitations would have been running between the end of the first post-conviction action and the beginning of the second post-conviction action. Thus, under a § 2244(d)(1)(A) analysis, (with § 2244(d)(2) tolling), it would be even more evident that this action was filed too late.

6

that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him or her to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect [his] right to federal habeas review of [his] conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

### III. CONCLUSION

In sum, the Court finds, for the reasons discussed above, that this action is barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. Furthermore, the action should be dismissed with prejudice, because Petitioner is no longer eligible for habeas corpus relief in federal court.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's petition for a writ of habeas corpus, (Docket No. 1), be summarily DENIED;

2. This action be DISMISSED WITH PREJUDICE.

Dated: May 27, 2008

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before June 10, 2008.